IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Harley, | C/A No. 0:14-3500-RBH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nikki R. Haley; Alan Wilson; Kela E. Thomas; Larry Ray Patton, Jr.; Bryant Stirling, | |
| Defendants. | |

The plaintiff, Thomas Harley ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff also files a motion requesting a temporary restraining order and preliminary injunction in this case. (ECF No. 4.) Plaintiff is an inmate at Perry Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Having reviewed the Complaint and motion in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process and the motion for a temporary restraining order and preliminary injunction should be denied.

**I.    Factual and Procedural History**

Plaintiff alleges that he is unlawfully incarcerated for murder because the state court lacked subject matter jurisdiction in his 1989 criminal proceedings. (ECF No. 1 at 4-6; ECF No. 1-2.) Plaintiff further complains of inaccuracies in his parole board hearings from 2009 to 2014, which

have purportedly resulted in his continued unlawful incarceration and mental anguish. (Id. at 3, 5, 8.) Plaintiff seeks monetary damages for the defendants' actions. (Id. at 8-9.)

**II.     Discussion**

    **A.     Complaint**

        **i.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed



to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### ii. Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### a.   Due Process Violations

Plaintiff seeks damages for an allegedly unlawful conviction and sentence by a state court which purportedly lacked subject matter jurisdiction over his criminal proceedings. (ECF No. 1 at 5.) In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. A favorable determination on the merits of Plaintiff's claims in this case would require a finding that his conviction is invalid and Plaintiff fails to show that he has successfully challenged this conviction. Thus, Plaintiff's claim for damages associated with an allegedly unlawful conviction is barred by the holding in Heck.

Plaintiff further alleges that he remains unlawfully incarcerated despite notifying the parole board of unspecified inaccuracies associated with parole hearings over the last six years. (ECF No. 1 at 5.) However, Plaintiff has no constitutional right to parole, see Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), and provides insufficient facts to show the denial of any state-created liberty interest in parole. Therefore, Plaintiff's claims associated with his allegedly unlawful incarceration due to the denial of parole are subject to summary dismissal.

### b.   Deliberate Indifference

Plaintiff asserts that mental anguish caused by his continued unlawful incarceration constitutes a deliberate indifference to Plaintiff's health, safety, or medical needs in violation of the



Eighth Amendment. (ECF No. 1 at 8.) As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)). Thus, under the Eighth Amendment, prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir.1978) (overruled on other grounds by Bell v. Wolfish, 441 U.S. 520 (1979)); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements–that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993)). Further, deliberate indifference is a very high standard, which requires more than a showing of mere negligence, see Estelle, 429 U.S. 97 at 105-06, and "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). In the present case, Plaintiff provides no factual allegations to demonstrate that the defendants were deliberately indifferent to any of Plaintiff's basic needs or that the defendants' actions rose to the level of an Eighth Amendment violation. Therefore, such claims are subject to summary dismissal.

### c. State Law Claims

Plaintiff's federal claims are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claim (ECF No. 1 at 8), or any other state law causes of action raised in the Complaint. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector

PJG

and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### III. Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process. In light of this recommendation, the court further recommends that the motion for a temporary restraining order and preliminary injunction (ECF No. 4) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 15, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).