UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Thomas Harley, ) | Civil Action No.: 0:14-cv-3500-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nikki R. Haley; Alan Wilson; Kela E. ) | |
| Thomas; Larry Ray Patton, Jr.; Bryant ) | |
| Stirling; ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Thomas Harley, currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging that he is unlawfully incarcerated for murder because the state court lacked subject matter jurisdiction over his 1989 criminal proceedings.

This matter is before the court with the Report and Recommendation [ECF# 11] of Magistrate Judge Paige J. Gossett filed on September 15, 2014.[1] The Magistrate Judge recommended that the case be dismissed without prejudice and without issuance and service of process. The Magistrate Judge further recommended that Plaintiff's [ECF# 4] motion for temporary restraining order and/or preliminary objection be denied. Plaintiff timely filed Objections [ECF# 14] to the Magistrate Judge's Report and Recommendation. After the Magistrate Judge issued the Report and Recommendation, Plaintiff filed the following motions: 1) motion to appoint counsel [ECF# 14]; 2) motion for hearing [ECF# 18]; 3) motion for default judgment [ECF# 22]; and 4) motion for a correct sentence [ECF# 24].

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

I.   Report and Recommendation

Plaintiff brought a claim under 42 U.S.C. § 1983 against Nikki R. Haley, Alan Wilson, Kela E. Thomas, Larry Ray Patton, Jr., and Bryant Stirling alleging that he is being held unlawfully for a murder conviction because the state court lacked subject matter jurisdiction over his criminal case. Plaintiff also alleges claims related to alleged errors or inaccuracies in his parole board hearings

between 2009 and 2014. Plaintiff seeks monetary damages for alleged mental anguish due to his unlawful incarceration.

The Magistrate Judge recommended summary dismissal of Plaintiff's complaint based on *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can first demonstrate that the conviction or sentence has been previously invalidated. The Magistrate Judge concluded that because a favorable determination on the merits of Plaintiff's claims in this case would require a finding that his state court conviction was invalid, and Plaintiff failed to show that he has successfully challenged his conviction, Plaintiff's claim for damages associated with an allegedly unlawful conviction was barred by *Heck v. Humphrey*. [Report and Recommendation, ECF# 11, pg. 4]. The Magistrate Judge also concluded that Plaintiff's claims related to alleged errors in his parole hearings were subject to summary dismissal because Plaintiff has no constitutional right to parole and could not show the denial of any state-created liberty interest in parole. *Id*. The Magistrate Judge also recommended summary dismissal of Plaintiff's Eighth Amendment claims because Plaintiff provided no factual allegations to demonstrate that the Defendants were deliberately indifferent to any of Plaintiff's basic needs or that Defendants' actions rose to the level of an Eighth Amendment violation. *Id*. at 11. Finally, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over any state law claims alleged by Plaintiff.

Plaintiff generally argues that § 1983 provides a remedy for deprivation of constitutional rights and that his constitutional rights are being violated by his continuing unlawful incarceration. Plaintiff contends that his incarceration is unlawful because the state court lacked subject matter

jurisdiction over the offense charged - murder. The alleged errors related to the parole hearings are also based on the argument that the lower state court lacked jurisdiction over Plaintiff's criminal case.

In *Heck v. Humphrey*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. If the district court answers the question in the affirmative, then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* "This mandate is referred to as the 'favorable termination' requirement." *Bishop v. County of Macon*, 484 Fed.Appx. 753, 755 (4th Cir. 2012); *Wilson v. Johnson*, 535 F.3d 262 (4th Cir.2008). The success of Plaintiff's claims in this case, whether premised on alleged due process violations or the Eighth Amendment, would implicitly question the validity of Plaintiff's state court conviction. To find in Plaintiff's favor, the trier of fact would have to conclude that Plaintiff was currently incarcerated unlawfully thereby implicitly questioning the validity of Plaintiff's state court conviction. Since Plaintiff has yet to obtain a favorable termination of his state court criminal case, his § 1983 claims for monetary damages arising from his alleged unlawful incarceration are barred by *Heck v. Humphrey*. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

II.     Motions filed after Report and Recommendation

The Court has reviewed Plaintiff's motion to appoint counsel, motion for hearing, motion for default judgment, and motion for a correct sentence. Since Plaintiff's § 1983 claims are subject to summary dismissal for the reasons stated above, the Court finds Plaintiff's motion to appoint

counsel, motion for hearing, motion for default judgment, and motion for a correct sentence as moot.

### Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that they are without merit. The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF# 11] of the Magistrate Judge. The federal § 1983 claims are **DISMISSED without prejudice and without issuance and service of process**. Plaintiff's [ECF# 4] motion for temporary restraining order and/or preliminary injunction is **DENIED**. The court declines to exercise jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3) and they are **DISMISSED without prejudice**. Plaintiff's motion [ECF# 17] to appoint counsel is **MOOT**; Plaintiff's motion [ECF# 18] for a hearing is **MOOT**; Plaintiff's motion [ECF# 22] for default judgment is **MOOT**; Plaintiff's motion [ECF# 24] for a correct sentence is **MOOT**.

**IT IS SO ORDERED**.

June 1, 2015
Florence, South Carolina                                s/ R. Bryan Harwell
                                                        R. Bryan Harwell
                                                        United States District Judge